IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:06-CV-207-FL

| | |
|---|---|
| CAROLYN S. GODWIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | **MEMORANDUM AND<br>RECOMMENDATION** |

In this action, plaintiff Carolyn S. Godwin ("plaintiff") challenges the final decision of defendant Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB") on the grounds that plaintiff is not disabled. The case is before the court on the parties' respective motions for judgment on the pleadings (DE #16, 18). The motions were referred to the undersigned Magistrate Judge for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that plaintiff's motion be allowed, the Commissioner's motion be denied, and this case be remanded for further proceedings.

## I. BACKGROUND

### A. Case History

Plaintiff protectively filed an application for DIB on 20 October 2003, alleging a disability onset date of 1 October 2001 due to fourteen alleged impairments: high blood pressure (*i.e.*, hypertension), osteoporosis, sciatica osteopenia, shoulder tendenosis, rotator cuff tendinopathy, obesity, diabetes mellitus, female problems (*i.e.*, endometriosis), acid reflux disease, two hernias, a heart condition, irregular heart beat, trouble breathing, and depression. Transcript of Proceedings

("Tr.") 15-16, 46-48, 69-70. The application was denied initially and again upon reconsideration, and a request for hearing was timely filed. *Id.* 15, 25-28, 31-34. On 28 September 2005, a hearing was held before an Administrative Law Judge ("ALJ"). *Id.* 15, 41-45.

In a written decision dated 16 February 2006, the ALJ found that plaintiff was not disabled and therefore was not entitled to DIB. *Id.* 15, 21 ¶ 9. Plaintiff timely requested review by the Appeals Council and submitted one additional exhibit. *Id.* 10, 11. The Appeals Council considered the additional evidence and denied the request for review on 28 April 2006. *Id.* 7-10. At that time, the decision of the ALJ became the final decision of the Commissioner. *Id.* 7; *see* 20 C.F.R. § 404.1581. Plaintiff commenced this proceeding for judicial review on 23 May 2006, pursuant to 42 U.S.C. § 405(g).

### B.     Standards for Disability

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The Act goes on to describe disability more specifically in terms of impairments:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

42 U.S.C. § 423(d)(2)(A).

2

Case 5:06-cv-00207-FL   Document 20   Filed 07/27/07   Page 2 of 11

The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The burden of proving disability falls upon the claimant. *English v. Shalala,* 10 F.3d 1080, 1082 (4th Cir. 1993).

The disability regulations under the Act ("Regulations") provide the following five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [20 C.F.R. § 404.1509], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. Part 404, subpt. P, app. 1] . . . and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

3

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523. If a medically severe combination of impairments is found, the combined impact of those impairments will be considered throughout the disability determination process. *Id.*

## C. Findings of the ALJ

Plaintiff was forty-six years old on the alleged onset date of disability and was fifty years old on the date of the administrative hearing. Tr. 15, 46. Plaintiff had purported past relevant work experience as a sewing machine operator. *Id.* 15.

Applying the five-step analysis of 20 C.F.R. § 404.1520(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. Tr. 16, 20 ¶ 2. At step two, the ALJ found that plaintiff had the following medically determinable impairments which were severe withing the meaning of the Regulations, 20 C.F.R. § 404.1520(c): rotator cuff tear of right arm, bursitis, degenerative and discogenic impairments of the spine, hypertension, non-insulin dependent diabetes, obesity, and disorders of the muscles, ligaments, and facia. Tr. 16, 20 ¶ 3. At step three, however, the ALJ found that plaintiff's impairments did not meet or medically equal one of the listed impairments in appendix 1 to 20 C.F.R. part 404, subpart P. *Id.* 16, 20 ¶ 4.

At step four, the ALJ determined that plaintiff had the RFC to perform light work. *Id.* 19, 20 ¶ 6. Based on this RFC, the ALJ found that plaintiff could perform her past relevant work as a sewing machine operator. *Id.* 20, 21 ¶ 8. The ALJ accordingly did not proceed to step five of the sequential analysis. *See* 20 C.F.R. § 404.1520(a)(4)(iv).

4

## II. DISCUSSION

Plaintiff contends that the ALJ's decision should be reversed on three principal grounds: (1) erroneous assessment of plaintiff's credibility; (2) improper assessment of plaintiff's RFC; and (3) erroneous determination of plaintiff's ability to return to her past relevant work. Before addressing these issues, the court will discuss an even more fundamental issue not raised by plaintiff: the ALJ's failure to evaluate all of plaintiff's alleged impairments. Each of these issues is examined below following a discussion of the applicable standard of review.

### A. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See, e.g., Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales,* 402 U.S. at 401 (*quoting Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Perales*, 402 U.S. at 401.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992)

5

(*per curiam*). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

### B. Evaluation of Plaintiff's Impairments

The ALJ erred by failing to address all of plaintiff's alleged impairments at each applicable stage of the five-step analysis. Although this deficiency is not addressed by plaintiff, it precludes meaningful review of the ALJ's decision by the court and the court is compelled to raise it *sua sponte*.

Specifically, at step two of the five-step analysis, the ALJ found that seven of plaintiff's fourteen alleged impairments were severe: her four musculoskeletal impairments, hypertension, obesity, and diabetes. Tr. 15, 16. The ALJ omitted discussion at step two of plaintiff's remaining seven alleged impairments: endometriosis, acid reflux disease, two hernias, a heart condition, irregular heart beat, trouble breathing, and depression (collectively "omitted impairments"). *Id.* 16-17. The ALJ's failure came notwithstanding significant documentation of these impairments, with

the exception of depression, in plaintiff's medical records.¹ Although the ALJ did mention plaintiff's heart-related impairments (including trouble breathing) in the course of his credibility and step four RFC determinations, *id.* 19, he did not mention the other impairments at all after his initial listing of them as the basis for plaintiff's claimed disability, *id.* 15-16.

In failing to mention the omitted impairments at all at step two, the ALJ neglected to make the requisite findings regarding the severity of these impairments. The court also finds that the ALJ's silence establishes that he never performed the underlying mandatory step two analysis as to any of these impairments, either singly or in combination.

The ALJ's failure to evaluate the severity of the omitted impairments at step two cannot be dismissed as immaterial on the grounds that the ALJ's assessment was apparent from his RFC analysis–that is, that he found all of these impairments to be non-severe. *See Craig*, 76 F.3d at 589. In addition, the court cannot endorse the general principle that one or more steps in the sequential analysis may simply be ignored if a purportedly similar evaluation is performed later. Such an approach tends to undermine the integrity of the basic framework of the five-step sequential analysis. *See, e.g., Parris v. Barnhart*, No. 03C251, 2004 WL 3008744, at *13 n.2 (N.D. Ill. 28 Dec. 2004) ("In making his determination, the ALJ improperly skipped step three of the analysis. . . . The ALJ is required to perform the five-step evaluation *in sequence* and is not allowed to skip step three.").

In any event, any implication that the assessment of a claimant's RFC is a substitute for the step two severity analysis is unfounded. The RFC assessment is used to help determine what a claimant is able to do. *See* 20 C.F.R. § 404.1545. The step two analysis considers the limiting effect

---

¹*See, e.g.*, Tr. 169-75, 197 (endometriosis); Tr. 169-75, 223, 303 (acid reflux); Tr. 169-75, 177 (hernias); Tr. 152-53, 169-75, 196, 205-06, 305-06, 320-23, 325 (heart-related impairments including trouble breathing).

7

of the claimant's impairments with the objective medical and other evidence to determine whether the impairments are severe, alone or in combination with other impairments. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1523. If found to be severe, the impact of an impairment or combination of impairments on the claimant's ability to do basic work activities is also to be considered at each subsequent step of the sequential analysis. 20 C.F.R. § 404.1523. Given the different nature of the step two severity analysis and the RFC assessment, they are subject to different standards and requirements. *See, e.g.*, 20 C.F.R. §§ 404.1520(a)(4)(ii) (step two severity), 404.1521 (same); Soc. Sec. R. 96-3p (step two severity); 20 C.F.R. § 404.1545 (RFC).

Having failed to evaluate the omitted impairments at step two, the ALJ also failed to mention them or, the court concludes, to consider them at step three. Tr. 16-17. The ALJ was required to determine at step three whether each of these conditions, alone or in combination with other impairments, met or equaled a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii). A determination that a claimant's impairments meet or equal a listed impairment would itself result in a finding of disability. 20 C.F.R. § 404.1520(d). Accordingly, the invalidity of the ALJ's analysis of plaintiff's impairments at steps two and three necessarily invalidates the ALJ's RFC determination at step four, which is based in part on the preceding steps.

For the foregoing reasons, the court recommends remanding this case for reconsideration of plaintiff's impairments, including specifically the omitted impairments, in accordance with step two and every other applicable step of the sequential analysis. Each the impairments, including the omitted impairments, should be considered alone and in combination with the other impairments, as the Regulations and case law dictate. *See* 20 C.F.R. § 404.1523; *Walker v. Bowen*, 889 F.2d 47, 49-50 (4th Cir. 1989) (combined effect of impairments must be considered). In addition, if the ALJ

finds that the claimant has presented a colorable claim of depression, he must apply the special technique for mental impairments, 20 C.F.R. § 404.1520a(a), and document in his decision his application of the special technique, 20 C.F.R. § 404.1520a(e). *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005). The remand should also include reconsideration of the RFC. The ALJ should set out his findings regarding plaintiff's impairments, both alone and in combination, to the extent necessary to permit meaningful review of his decision and as otherwise required by the Regulations.

### C. Assessment of Plaintiff's Credibility

As noted above, this court is not permitted to make credibility assessments, but must determine if the ALJ's credibility assessment is supported by substantial evidence. *Craig*, 76 F.3d at 589. The ALJ's assessment involves a two-step process. First, the ALJ must determine whether plaintiff's medically documented impairments could cause plaintiff's alleged symptoms. *Id.* at 594-95. Plaintiff does not dispute that the ALJ made such a finding here. Tr. 18. Next, the ALJ must evaluate plaintiff's statements concerning those symptoms. *Craig*, 76 F.3d at 595. If the ALJ does not find plaintiff's statements to be credible, the ALJ must cite "specific reasons" for that finding that are "grounded in the evidence." *Dean v. Barnhart*, 421 F. Supp. 2d 898, 906 (D.S.C. 2006) (quoting Soc. Sec. R. 96-7p).

Here, the ALJ determined that plaintiff's statements about her impairments and their impact on her ability to work were not entirely credible in light of the objective medical evidence. Tr. 19. The ALJ discussed at length the evidence upon which his determination was purportedly based. *Id.* 18-19.

These credibility findings are now moot because the ALJ will need to reevaluate plaintiff's credibility on remand in light of his failure to analyze all of plaintiff's impairments. The court

9

therefore declines to rule on the legal sufficiency of the findings and specifically whether they are adequately supported by the evidence on which the ALJ relies. Nevertheless, for guidance on remand, the court notes that the ALJ appears to have followed the prescribed framework, as described above, in developing his credibility determination.

### D. Determination of Plaintiff's RFC

Plaintiff also argues that the RFC assessment is improper because, among other reasons, it did not contain any rationale or reference to supporting evidence. While the court notes that the manner in which the ALJ developed the RFC appears to be proper, he will obviously need to reevaluate the RFC in light of the impairments he failed to analyze. The RFC determination presently before the court is therefore moot and the court declines to rule on whether it is supported by substantial evidence.

### E. Determination of Plaintiff's Ability to Return to Past Relevant Work

Finally, plaintiff contends that the ALJ erred in finding that she has the RFC to perform the physical requirements of her past relevant work as a sewing machine operator. Again, because the RFC determination is now moot, the court is precluded from ruling on whether the ALJ's determination that plaintiff could return to her past relevant work is supported by substantial evidence.

## III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that plaintiff's motion for judgment on the pleadings be ALLOWED, the Commissioner's motion for judgment on the pleadings be DENIED, and the case be REVERSED and REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Memorandum and Recommendation.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten business days to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 27th day of July, 2007.

James E. Gates
United States Magistrate Judge